UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:09-cr-00195-JAW |
| | ) | |
| ROBERT J. VENTI | ) | |

**ORDER ON MOTION TO DISMISS OR REDUCE CHARGE**

Viewing the jury verdict on Count One in the light most favorable to the verdict, the Court denies Robert J. Venti's post-conviction motion to dismiss or to reduce charge since there is sufficient evidence from which the jury could have concluded that Mr. Venti committed a felony violation of 18 U.S.C. § 641 within the five-year statute of limitations period.

**I. STATEMENT OF FACTS**

On December 9, 2009, a federal grand jury handed down a nine count indictment against Robert J. Venti for theft of public money, a violation of 18 U.S.C. § 641. *Indictment* (Docket # 1). On May 5, 2010, a federal petit jury found Mr. Venti guilty of all nine counts. *Jury Verdict* (Docket # 53). On October 19, 2010, Mr. Venti moved to dismiss Count One on the ground that the crime was committed beyond the five-year statute of limitation and, once Count One was dismissed, Mr. Venti moved to reduce the remaining charges to a misdemeanor because the aggregated amount of the thefts in Counts Two through Nine would not exceed the $1,000 statutory breakpoint between a felony and misdemeanor. *Post Conviction Mot. to Dismiss or Reduce Charge* (Docket # 70) (*Def.'s Mot.*). The Government

opposes the motion.  *Resp. of the United States of Am. to Def.'s Post Conviction Mot. to Dismiss or Reduce Charge* (Docket # 71) (*Gov't's Resp.*).

The post-conviction motion focuses on Count One of the Indictment:

On the dates specified below, in the District of Maine and elsewhere, defendant, Robert J. Venti, did willfully and knowingly steal and, with the intent to convert to his own use, obtain the amounts of money specified below.  Such funds were paid by the United States Civil Service Retirement System (CSRS) as retirement benefits issued in the name of George W. Venti and were electronically deposited in an account at the Rockland (Massachusetts) Federal Credit Union. Thereafter, on the dates specified below, the defendant caused such funds to be withdrawn, in the District of Maine, by means of checks as specified below.

| Count Number | Date of Conversion | Check Number | Payee | Amount of Check |
|---|---|---|---|---|
| Count 1 | January 21, 2005 | 330 | Jerry Irish | $330.00 |

*Indictment* at 1.  The total of all nine counts was $1,137.89.  *See id.* at 1-2.  If the $330.00 in Count One is subtracted from the total, Mr. Venti's total theft would equal $807.89, and if his theft totals less than $1,000, he is subject to imprisonment of "not more than one year."  18 U.S.C. § 641.  Once the total exceeds $1,000, he is subject to a maximum sentence not to exceed ten years.  *Id.* (stating that whoever is convicted of theft of more than $1,000 "[s]hall be fined under this title or imprisoned not more than ten years, or both").

Citing *United States v. Young*, 694 F. Supp. 2d 25 (D. Me. 2010), Mr. Venti correctly observes that the Court concluded that a violation of 18 U.S.C. § 641 does not state a continuing offense.  *Def.'s Mot.* at 2; *accord United States v. Bundy*, Criminal No. 08-196-P-H, 2009 U.S. Dist. LEXIS 56466 *25 (D. Me. Mar. 31, 2009)

(stating that "the crime of conversion of government funds as codified in the first paragraph of section 641 inherently is not a 'continuing offense'").

Mr. Venti claims that the "conversion occurred on December 1, 2004," not as the Indictment alleged on January 21, 2005. *Def.'s Mot* at 1. Mr. Venti's argument is that on January 3, 2005, his Rockland Federal Credit Union account in the name of George Venti received a cash infusion in the amount of $210.00 from the United States Treasury in Civil Service benefits, which was not enough to cover the $330, January 19, 2004 (actually 2005) check to George Irish. To cover the check to Mr. Irish, Mr. Venti argues, some of the funds must have come from the Civil Service payment the month before, which occurred on December 4, 2004. Since this Government check was deposited in Mr. Venti's account before the five year statute of limitations, Mr. Venti contends that the Government cannot claim that he violated § 641 for the full amount of the $330 found by the jury.

The Government responds that the conversion in Count One took place when Mr. Venti wrote a personal check, number 330, on his Rockland Federal Credit Union account, which was dated January 19, 2004, but was cashed on January 21, 2005. *Gov't's Resp.* at 2-3. It says that the conversion did not take place on December 4, 2004, but on January 21, 2005, when Mr. Venti converted the money for his own purposes. Thus, the Government contends, it is the date the Civil Service funds went out of the account, not the date the funds went into the account that is critical.

3

This precise issue was raised during trial. At trial, Mr. Venti argued his statute of limitations defense and sought and obtained a jury instruction that expressly informed the jury that it must find that all the elements of each count had to occur on or after December 9, 2004. Consistent with Mr. Venti's theory of the case, the Court instructed the jury on the law applicable to the statute of limitations:

> For theft of government property, no person shall be prosecuted, tried or convicted of any offense unless the indictment is issued within five years next after the offense was committed.
> The original indictment was returned on December 9, 2009. This means that the Government must prove that Mr. Venti committed each of the elements of the crimes of theft of Government property for each of the nine counts on or after December 9, 2004.

*Trial Tr.* vol. 2, 301:12-20, May 5, 2010.

## II. DISCUSSION

The Court instructed the jury that, to prove that Mr. Venti violated 18 U.S.C. § 641, the Government was required to establish that Mr. Venti embezzled, stole or converted money of the United States, and to establish the following elements beyond a reasonable doubt:

> First, that Mr. Venti received money belonging to the United States;
>
> Second, that Mr. Venti knew that he was not entitled to the money; and,
>
> Third, that Mr. Venti, knowing that the money was not his, took the money for his own use or the use of another.

*Trial Tr.* vol. 2, 299:16-20. In this motion, Mr. Venti does not attack the first and second elements; he focuses on the third element and specifically when he "took the

4

money for his own use or the use of another." To this end, the question is whether Mr. Venti embezzled, stole or converted the money when the United States deposited the money or when he withdrew it for his own purpose. The Court instructed the jury that the term "embezzle" means "the wrongful, intentional taking of money . . . of another after the money . . . has lawfully come into the possession or control of the person taking it." *Trial Tr.* vol. 2, 299:21-24. The Court further instructed the jury that the term "steal" or "convert" means "the wrongful taking of money . . . belonging to another with intent to deprive the owner of its use or benefit, either temporarily or permanently." *Trial Tr.* vol. 2, 299:25-300:3.

Mr. Venti bears a heavy burden to dismiss or reduce the jury's verdict. In the First Circuit, "we presume that juries follow instructions." *United States v. Griffin*, 524 F.3d 71, 78 (1st Cir. 2008). Furthermore, "a jury's verdict and factual findings must be upheld unless the facts and inferences viewed in the light most favorable to the verdict point so strongly and overwhelmingly in favor of the movant that a reasonable jury could not have returned the verdict." *Mass. Eye and Ear Infirmary v. QlT Phototherapeutics, Inc.*, 552 F.3d 47, 57 (1st Cir. 2009).

Given the instructions on the elements and the statute of limitations, a reasonable jury could have concluded that the theft alleged in Count One occurred after December 9, 2004. Although the United States' deposit of funds into George Venti's account was a necessary prerequisite for Robert Venti's theft of the money, a jury was well within its factfinding authority to find the wrongful taking and deprivation occurred in January, 2005 when Mr. Venti wrote a check to George

5

Irish and the bank debited the account. *United States v. Maxwell,* 588 F.2d 568, 574 (7th Cir. 1978) (stating that "the funds . . . were converted whenever the bank debited the account as a result of honoring the fraudulent check").

Mr. Venti's argument that the conversion took place when the Government deposited the funds in December 2004 is erroneous, but even if Mr. Venti's argument were accepted, the total amount of the theft from the Government in Count One would equal $210 – the amount that was deposited in the Venti checking account on January 3, 2005 – and the total amount would exceed $1,000 when added to the checks that unarguably fell within the five-year statutory period.

### III. CONCLUSION

The Court DENIES the Defendant's Post Conviction Motion to Dismiss or to Reduce Charge (Docket # 70).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 8th day of December, 2010